IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA WILLIAMS | ) | CASE NO.  1:09CV2242 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| WELLRMAN, WEINBERG & REIS, | ) | MEMORANDUM OF OPINION |
| *et al.* | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Diana Williams brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Wellrman, Weinberg and Reis, Donald Mauser, Ohio Edison and Patricia Cosgrove alleging violation of the First and Fourteenth Amendments and state claims of infliction of emotional distress and conspiracy, collusion and corruption.

The plaintiff alleges that an illegal garnishment has been filed against her in the state court. Also, defendants are allegedly trying to stop her appeal by having her determined to be a vexatious litigator. With the exception of an allegation that there is a conspiracy between Defendant Judge Cosgrove and the other defendants, there is nothing in the complaint clearly specifying each defendants' conduct. Plaintiff seeks damages for infliction of emotional distress as well as compensation for the time fighting the illegal state court suit as well as treble damages. Although her husband has not filed anything, he seeks the same from each defendant.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183

F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion.

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 * 2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his

case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*; *Tropf*, 289 F.3d at 937.

Since a federal court has no jurisdiction over challenges to state court decisions, it follows that a plaintiff in federal court case cannot recover damages from those defendants allegedly involved in the state court decision.

In addition, it is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 387 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. Despite plaintiff's assertion to the contrary, there are no facts alleged reasonably suggesting Defendant Judge Cosgrove acted outside the scope of her official duties. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). Judge Cosgrove must dismissed as a party defendant.

The claims for infliction of emotional distress and conspiracy, collusion and corruption are state claims. Since the Court has granted judgment on the federal claim, the state pendent claims are hereby dismissed pursuant to 28 U.S.C. § 1367(c)(3). *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

Accordingly, Plaintiff's Application to Proceed Without Payment of Fees is granted. This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date: November 4, 2009
        **S/Christopher A. Boyko**
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE